# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| KEVIN TURNER, | : | |
|---|---|---|
| Petitioner, | : | CIVIL ACTION NO. 3:15-0609 |
| v. | : | (MANNION, D.J.) |
| | | (SCHWAB, M.J.) |
| RUSSELL PERDUE, Warden, | : | |
| Respondent. | : | |

## **MEMORANDUM**

On March 26, 2015, petitioner Kevin Turner filed a petition for a writ of habeas corpus with this court pursuant to 28 U.S.C. §2241. (Doc. 1). Mr. Turner is currently an inmate at a federal correctional institution in Minersville, Pennsylvania. Mr. Turner was sentenced for his federal conviction on February 15, 2012 for a term of 120 months, a term which was to be served concurrently with a state conviction for driving under the influence. Mr. Turner alleges that the Federal Bureau of Prisons ("BOP") made an error when computing his federal sentence by failing to give him prior custody credit for time served in state prison.

Presently pending before the court is the May 3, 2017 report and recommendation of Chief Magistrate Judge Susan E. Schwab, (Doc. 17), recommending that Mr. Turner's habeas petition be denied. Judge Schwab also recommends that Mr. Turner's motion for a ruling on his petition, (Doc.

15), be denied as moot. No objections were filed to Judge Schwab's report. The court will adopt Judge Schwab's report in its entirety.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Schwab's sound reasoning as detailed in her report and concurs with her recommendation. An inmate is only entitled to credit for time serve if it "has not been credited against another sentence." 18 U.S.C. §3585(b). An inmate is not entitled to double credit. *United States v. Wilson,* 503 U.S. 329, 337 (1992). Mr. Turner seeks credit for time credited towards his state sentence. (*See* Doc. 5-1 at 8 ¶14). Mr. Turner's request for another credit is improper in this respect.

2

The court also agrees that Mr. Turner's reliance on *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) is misplaced, both factually and based on later amendments to Section 5G1.3(c) of the United States Sentencing Guidelines. There is no indication that the court intended to grant Mr. Turner a downward departure pursuant to Section 5G1.3(c) when he was sentenced. *See* U.S.S.G. §5G1.3 cmt. n. 3(E) (2010) (recommending that any downward departure "be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to §5G1.3(c)"). There is also no reference to a downward departure in the sentencing transcript. (*See* Doc. 1-1 at 10–17). Accordingly, the court will **ADOPT** Judge Schwab's report, (Doc. 17), in its entirety, and will **DENY** Mr. Turner's habeas petition, (Doc. 1). Mr. Turner's motion for a ruling on the habeas petition, (Doc. 15), will be **DISMISSED** as moot. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 13, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0609-01.wpd